UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCESCO GIUSTINIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:08CV694 TIA |
| | ) | |
| VILLAGE OF CALVERTON PARK, | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Village of Calverton Park's Motion to Dismiss Count IV or Plaintiff's First Amended Complaint.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

On May 14, 2008, Plaintiff filed a Complaint against Defendant Village of Calverton Park, Missouri ("Calverton Park") and other individuals.  He filed an Amended Complaint on September 23, 2008, alleging that two Calverton Park police officers unlawfully assaulted, battered and caused the detention of Plaintiff and/or that each of them failed to prevent the unlawful acts of the other in violation of Plaintiff's constitutional rights.  Plaintiff claims that Calverton Park is liable for Plaintiff's damages because it failed to train, instruct, supervise, control and discipline its officers, thus causing the deprivation of Plaintiff's constitutional rights under 42 U.S.C. § 1983.  In Count III, Plaintiff alleges municipal liability against Calverton Park, and, in Count IV, Plaintiff alleges liability under a theory of *respondeat superior*.

Defendant Calverton Park filed a Motion to Dismiss Count IV of Plaintiff's Complaint on July

14, 2008, and again on October 7, 2008 in response to Plaintiff's Amended Complaint. Defendant maintains that a municipality cannot be held liable in a Section 1983 action on a theory of *respondeat superior* under controlling law. Plaintiff, on the other hand, argues that this Court should reexamine existing law and rely on dissenting opinions to allow Plaintiff to proceed with Court IV of his Amended Complaint.

## **Legal Standards**

The United States Supreme Court recently held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 1964-1965; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the

2

plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 127 S. Ct. at 1965. However, dismissal is warranted where a plaintiff fails to "nudge[ ] [the] claims across the line from conceivable to plausible." Id. at 1974.

**Discussion**

In Count IV, Plaintiff claims that the Defendant Calverton Park is liable under the theory of *respondeat superior.* Under Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. While "municipalities and other local governmental bodies are 'persons' within the meaning of § 1983[,] . . . a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997) (explaining Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Indeed, the United States Supreme Court and the Eighth Circuit Court of Appeals have "consistently refused to hold municipalities liable under a theory of *respondeat superior.*" Id. See also Riehm v. Engelking, 538 F.3d 952, 962 (8th Cir. 2008) ([A] municipality "cannot be held vicariously liable for its agents' actions under§ 1983."); Seymour v. City of Des Moines, 519 F.3d 790, 800 (8th Cir. 2008) ("A municipality will not be liable merely because it employed a tortfeasor."); Brockinton v. City of Sherwood, Arkansas, 503 F.3d 667, 674 (8th Cir. 2007) ("A governmental entity cannot be held vicariously liable for its agents' acts under § 1983."); Vaughn v. Greene County, Arkansas, 438 F.3d

845, 851 (8th Cir. 2006) ("[I]t is well settled the doctrine of *respondeat superior* is inapplicable to section 1983 claims.").

Despite this well-established precedent, Plaintiff asks this Court to reexamine the existing law and rely on dissents from Justices Breyer and Stevens to allow Plaintiff to proceed with his claim that Defendant Calverton Park is liable under a theory of *respondeat superior*. While the undersigned appreciates Plaintiff's zeal, this Court declines to overturn longstanding Supreme Court and Eighth Circuit precedent. Therefore, because Plaintiff is unable to plead enough facts to state a claim for relief that is plausible on its face in Count IV of his Complaint, the undersigned will grant Defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Village of Calverton Park's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint [Doc. #20] is **GRANTED**.


_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE

Dated his __3rd__ day of <u>December,</u> 2008.